By the Court:
Tbe question is -whether tbe statute under which the defendants are acting requires them to award a contract of this character to tbe lowest bidder, or gives to them a discretion to determine that a bidder not tbe lowest may nevertheless be tbe best. Tbe question is to be resolved by a construction of tbe phrase “lowest and best bidder,” occurring in tbe eighth subdivision of section 2435-7, which requires that “said commissioners .shall enter into a contract with tbe lowest and best bidder upon his giving bond,” etc. In the case of Boren & Guckes v. Commissioners, 21 Ohio St., 311, it was held that a statute which required that the “contract shall be *442 awarded to, and made with, the person or persons who shall offer to perform the labor and furnish the materials at the lowest price and give good and sufficient bond, etc.,” denied to the commissioners any discretion to determine that any but the lowest bidder was the best bidder. In the case of The State ex rel v. Commissioners, 36 Ohio St., 326, it was held that a statute which required a contract to be awarded “to the lowest and best bidder,” conferred upon the commissioners a discretion which the court would not control by mandamus. With these decisions in mind the general assembly passed the act whose provisions are now the subject of contention. We must presume that when the words which had been construed to confer a discretion upon the commissioners were deliberately chosen by the legislature, it was with the intention that that discretion should be conferred.

Writ refused.